### BRILL v. NEW YORK EDISON CO. et al.

#### (Supreme Court, Appellate Term. November 29, 1907.)

1. NEGLIGENCE—EXCAVATIONS IN STREETS—LIABILITY—EVIDENCE.

In an action for negligence in digging a trench in a street in front of plaintiff's property, the evidence showed that one of the defendants obtained a permit from the department of water supply to make an excavation, and that such applications by the codefendant were made through said defendant. There was no evidence that the codefendant requested said defendant to act for it in making any application for a permit to make the excavation, or that the codefendant actually did the work. *Held* insufficient to show the codefendant's liability.

2. SAME.

In an action for negligence in digging a trench in a street in front of plaintiff's property, the evidence showed that one of the defendants obtained a permit from the department of water supply to make the excavation. The evidence showed that said defendant did not dig any trench in the street, or do any work in or about the street in front of plaintiff's premises. *Held* insufficient to prove said defendant's liability.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Brill against the New York Edison Company and another. From a judgment for plaintiff against defendant the New York Edison Company, it appeals, and from a judgment dismissing the complaint as against defendant the Empire City Subway Company, plaintiff appeals. Reversed on defendant's appeal, and affirmed on plaintiff's appeal.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Beardsley & Hemmens, for appellant New York Edison Co.

Adam K. Stricker, for appellant Brill.

J. Haviland Tompkins, for respondent.

ERLANGER, J. This is an action charging both defendants with negligence in having dug a trench in front of plaintiff's premises on Beekman and Nassau streets, in consequence of which it is alleged large quantities of water were permitted to accumulate therein, which percolated through the foundation wall of plaintiff's building and entered the cellar thereof. The court rendered judgment in favor of plaintiff against the New York Edison Company for $272, and dismissed the complaint as against the defendant the Empire City Subway Company, Limited. Cross-appeals were taken; one by the Edison Company from the judgment against it, and the other by the plaintiff from the judgment dismissing the complaint against the Empire City Subway Company.

To connect the Edison Company with the digging of the trench, plaintiff offered in evidence a permit issued by the department of

water supply, gas, and electricity to the Empire City Subway Company, which authorized it to take up the pavement and excavate for the purpose of constructing subways or electrical conductors on the north side of Beekman street, to connect with the north intersection of Beekman and Nassau streets; also a second permit, issued to the same company, to make an opening on the north side of Nassau street at the intersection of Beekman street; and, finally, a list of excavations of the New York Edison Company, claimed to have been transmitted to the department of highways, bearing date December 10, 1906, and signed by two officers of the Empire City Subway Company. In this list there appears the following entry:

"Beekman street, December 1st, on E. C. Nassau and extends west 20 feet. Purpose, surface, etc."

The plaintiff claims that the excavation complained of, and the resultant damage, occurred between October 1, 1906, and November 15, 1906, and that his premises were situated on the northeast corner of Nassau and Beekman streets. It is therefore evident that on the face of the permits issued to the Empire Company there is nothing to connect the Edison Company with the trench complained of, and it appears, too, in the list transmitted to the department of highways of excavations of the Edison Company, dated on December, 1906, after the alleged damage, that the only excavation referred to is not in front of plaintiff's premises. It was, therefore, necessary to furnish further proof to connect the Edison Company with the wrong alleged to have been committed by it. Plaintiff contends that that evidence was supplied by the chief clerk of the Empire Company, who was asked:

"Q. Is it not a fact that applications by the Edison Company for subways are made through the Empire City Subway Company, by having them make the application. Now, isn't that true?"

And the answer was:

"A. Yes; they do."

Assuming that the objection on the part of the Edison Company that the evidence was not binding on it was properly overruled, we do not see how that evidence sufficiently connected the Edison Company with the trench. There was no evidence offered or presented that that company requested or secured the Empire Company to act for it in making any application for any permit to open a trench in front of plaintiff's premises, or that the defendant actually did any work in or about the trench complained of, or that any of the workmen had been employed by it, or any payments made to any one for the work done in respect of that trench. In view of the fact that the judgment must be reversed, and a new trial granted, it is not deemed necessary to discuss any other question in the case.

We think that the trial justice properly disposed of the case so far as it relates to the other defendant. The only witness who was examined regarding the work testified that during the year 1906 the Empire Company did not dig any trench anywhere on Beekman street or do any work in or about or in front of plaintiff's premises. There

was an entire absence of any proof even remotely connecting the Empire Company with the work of digging the trench.

The judgment appealed from as against the Edison Company should be reversed, and a new trial granted, with costs to appellant to abide the event; and the judgment in favor of the Empire Company should be affirmed, with costs. All concur.